IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS MOURATIDIS,<br><br>        Plaintiff,<br><br>   v.<br><br>NICKLOLAS MOURTOS, BARI ZELL WEINBERGER and AARON WEINBERGER,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No.<br>18-1176 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

In this action, Plaintiff pro se Louis Mouratidis ("Plaintiff") alleges Defendants Nicolas Mourtos, Esq., Bari Zell Weinberger, Esq., and Aaron Weinberger, Esq. (collectively, "Defendants") committed legal malpractice by failing to obtain dismissal of a final restraining order within the initial agreed upon $3,000.00 retainer. Plaintiff claims this Court has federal question jurisdiction under 28 U.S.C. § 1331. [Docket Item 1-4 ("Compl.") at p.3.] Pending before the Court are several motions, including Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Docket Item 13] and Plaintiff's motions to appoint pro bono counsel [Docket Item 8], "for relief to dissolve motion to dismiss for pro bono" [Docket Item 17], "to enforce federal jurisdiction" [Docket Item 22], and "to amend/correct." [Docket Item 26.] For the reasons

discussed below, the Court will grant Defendants' motion to dismiss for lack of jurisdiction and deny the remaining motions as moot. The Court finds as follows:

1.  **Factual and Procedural Background.**[1] In late 2016, Plaintiff visited the Weinberger Divorce & Family Law Group ("Weinberger Law Group") in Mount Laurel, New Jersey for a free consultation with one of its attorneys, Defendant Nickolas Mourtos, Esq. ("Mourtos"). (Compl. at ¶ 12.) According to the Complaint, Plaintiff was seeking legal advice in a matter involving a final restraining order that had been entered against him. (Id. at ¶ 13.) Plaintiff alleges he informed Defendant Mourtos that he received Social Security disability income "to show and provide, how little [he] get[s] on a monthly basis, just in case this would be costly . . . before signing in to an agreement," and that Defendant Mourtos responded "that is not relevant." (Id. at ¶ 16.) Plaintiff further alleges that he was "pressed on time" because he had been "forced to return to the U.S. from the Greek Hellenic Armed Forces in Greece, during training and [was] provided a [two] year leave to resolve this

---

[1] The facts alleged are drawn from the Complaint, from public court documents, and from undisputedly authentic documents upon which Plaintiff explicitly relies in his Complaint. See In re Rockefeller Ctr. Props., Inc., Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999).

2

legal matter or [he] would be penalized under the laws of Hellenic Armed Forces." (Id. at ¶ 17.)

2. Plaintiff alleges Defendant Mourtos told him it would cost "$3,000, maybe a few hundred dollars more" to represent him. (Id. at ¶ 15.) On December 6, 2016, Plaintiff paid the Weinberger Law Group $3,000. (Id. at ¶ 18.) "A few months later," an unnamed attorney from the Weinberger Law Group asked Plaintiff for "another $3,000 dollar refresher fee," which "came as a massive shock" to him. (Id. at ¶ 19.) In response, Plaintiff asked to terminate the services of the Weinberger Law Group. (Id.) "[B]efore the amount of the invoice increased as it did, [Plaintiff] owed [$100] at the time." (Id.) According to Plaintiff, "[m]onths went by and [he] was getting emails of costs on a monthly basis, via: E:Mail, still to today's date, from [$100] to [$800]." (Id. at ¶ 20.)

3. On January 29, 2018, Plaintiff filed this federal action against Defendants Mourtos, Bari Zell Weinberger, Esq. (the Managing Attorney at the Weinberger Law Group), and Aaron Weinberger, Esq. (the Executive Director at the Weinberger Law Group) challenging the enforceability of his retainer agreement with the Weinberger Law Group. [Docket Item 1.] To that end, Plaintiff alleges he was mentally impaired and under duress at the time the agreement was executed, and that Defendants breached their "duty of good faith and fair dealings" under the

3

New Jersey Uniform Commercial Code, N.J.S.A. § 12A:1-304, by inducing Plaintiff to enter into the agreement. (Compl. at ¶¶ 21-37.) As relief, Plaintiff asks the Court: (1) to rescind the contract with the Weinberger Law Group; (2) to "[v]oid any and all amount to the invoice to the contract" with the Weinberger Law Group; (3) reimbursement of the $3,000 retainer payment; (4) to expedite reimbursement of the $3,000 retainer payment; (5) compensatory and punitive damages; and (6) compensation for a €5,000 penalty and 90-day incarceration Plaintiff will be subject to by the Hellenic Armed Forces if he returns to Greece. (Id. at ¶¶ 44-49.)

    4.    **Standard of Review**. Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a complaint for lack of subject matter jurisdiction. Because federal courts are courts of limited jurisdiction, the party seeking to invoke the court's jurisdiction bears the burden of proving the existence of subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Under Fed. R. Civ. P. 12(b)(1), the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of a jurisdictional fact). Gould Elecs. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000); see also A.D. v. Haddon Heights Bd. of Educ., 90 F. Supp. 3d 326, 334 (D.N.J. 2015) (explaining the same distinction). On a facial

4

attack, the Court considers only the allegations of the complaint and documents referenced therein, construing them in the light most favorable to the plaintiff. Pearson v. Chugach Gvt. Svcs. Inc., 669 F. Supp. 2d 467, 469-70 (D. Del. 2009). On a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

5. Under Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the Complaint, the plaintiff may be entitled to relief." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (internal citations omitted). In applying this standard to pro se pleadings and other submissions, as here, the Court must liberally construe the well-pleaded allegations, and draw all reasonable inferences in favor of the pro se litigant. Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011); Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009). Despite this liberality, however, a pro se

5

complaint must still "contain sufficient factual matter, accepted as true," to "state a [plausible] claim to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Marley v. Donahue, 133 F. Supp. 3d 706, 714 (D.N.J. 2015) (explaining the same concept).

6. **Discussion**. In the motion to dismiss, which the Court addresses first, Defendants argue that the Complaint fails to state a claim over which a federal court would have subject matter jurisdiction. [Docket Item 13-1 at 6-14.] The Court agrees.

7. The heart of Plaintiff's Complaint is a legal malpractice claim for rescission of a contract, repayment of a $3,000 retainer fee, injunctive relief to prevent Defendants from collecting additional fees which, in Plaintiff's view, are not owed, and compensation for possible penalties Plaintiff faces if he returns to Greece. As Plaintiff himself acknowledges by referencing New Jersey statutes, including N.J.S.A. § 12A:1-304, state law provides the causes of action arising from the complained-of conduct here, regardless of whether it is styled as a federal civil rights claim. For this Court to adjudicate state-law claims, such as these, the Court must have either diversity jurisdiction or supplemental jurisdiction flowing from some claim that involves a federal question. See Kokkonen, 511

U.S. at 377; Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

8. Federal Question Jurisdiction. Although Plaintiff alleges that this Court has federal question jurisdiction, Plaintiff has not properly pleaded any federal claims. In addition to alleging breach of "duty of good faith and fair dealings" under N.J.S.A. § 12A:1-304, Plaintiff cites three civil rights statutes - 42 U.S.C. §§ 1981, 1983, and 1985 - in the "Jurisdiction and Venue" section of the Complaint. (Compl. at p.3.) The Complaint further alleges Defendants were acting "[u]nder color of state law." (Id. at ¶ 6.) The critical question is, therefore, whether Plaintiff has alleged any factual basis for the claim that Defendants were acting under color of state law in taking any of the actions alleged to harm Plaintiff. The answer is no.

9. It is settled law that an attorney may be entitled to dismissal of a civil rights action on the ground that a complaint fails to state a claim because "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981). Here, Defendants Mourtos, Bari Zell Weinberger, Esq., and Aaron Weinberger, Esq. are private attorneys who were retained by Plaintiff to perform legal services. And Plaintiff has not

7

alleged in any meaningful way that these private attorneys ever acted on behalf of the State during their representation of him or otherwise. They are not, therefore, "state actors" and Plaintiff's claims against them must fail under Sections 1981, 1983, and 1985.

10. <u>Diversity Jurisdiction.</u> Although Plaintiff asserts only federal question jurisdiction in the Complaint (<u>see</u> Compl. at p.3), the Court has also considered whether there is diversity jurisdiction in this case. Under 28 U.S.C. § 1332(a) a federal court has jurisdiction over actions between citizens of different states where the amount in dispute exceeds $75,000, exclusive of interest and costs.

11. As an initial matter, Plaintiff cannot establish diversity jurisdiction because the contested $3,000 retainer fee, the few hundred dollars in unpaid invoices, and €5,000 (approximately $5,664.53 at the current exchange rate) for Plaintiff's anticipated penalties amount to about $9,000 in damages. This is well below the jurisdictional threshold of $75,000, exclusive of interest and costs, and there is nothing else in the pleadings that suggests there is a "reasonable probability" that the amount in controversy could possibly exceed $75,000. <u>See</u> <u>Columbia Gas Transmission Corp. v. Tarbuck</u>, 62 F.3d 538, 541 (3d Cir. 1995).

12.  Even if Plaintiff could meet the $75,000 threshold, which the Court has determined to a legal certainty he cannot, the Complaint does not allege diversity of citizenship because Plaintiff and Defendants are citizens of the same state, New Jersey. For purposes of diversity jurisdiction, a natural person is considered a citizen of the state in which that person is domiciled. Piero v. Kugel, 386 F. App'x 308, 309 (3d Cir. 2010).

13.  The Court infers that Plaintiff is domiciled in New Jersey for several reasons. On the Civil Cover Sheet affixed to the Complaint, Plaintiff states he is a citizen of New Jersey, as well as "another state" and "a foreign country," presumably Greece. [Docket Item 1-1.] Additional evidence supports that Plaintiff is domiciled in New Jersey: Plaintiff's Social Security documentation attached to the Complaint indicates he resided in Stratford, New Jersey as of March 2011 [Docket Item 1-5 at 7]; Lexis searches performed on May 8, 2018 indicate that Plaintiff resided in Stratford, New Jersey as of that date [Docket Item 13-3 at 3-9]; Plaintiff is registered to vote in New Jersey and his voter status is "active" [Docket Item 13-2 at 2]; Plaintiff was issued a New Jersey's drivers license [id.]; and Plaintiff filed for bankruptcy in the U.S. District Court for the District of New Jersey in 2015. [Id.] Plaintiff has also filed other cases in this Court listing Stratford, New Jersey as his address. See, e.g., Mouratidis v. Taylor, et al., No. 10-cv-

2964-JBS-JS (D.N.J. filed on June 1, 2010). All of these facts suggest Plaintiff is domiciled in New Jersey.

14. The Court additionally notes that, while Plaintiff lists himself as having a Philadelphia, Pennsylvania address on the Civil Cover Sheet [Docket Item 1-1], "one can reside in one place and be domiciled in another." Orozco-Barajas v. Zickefoose, 2012 WL 1435556, at *4 (D.N.J. Apr. 24, 2012). And, according to the Affidavit of April T. Villaverde, Esq., the Philadelphia address listed in the Complaint is a commercial, not residential, address. [Docket Item 13-2 at ¶ 4.] Moreover, the Third Circuit has held that a plaintiff who is a dual United States and foreign citizen may not assert diversity or alienage jurisdiction under 28 U.S.C. § 1332, even if that plaintiff is domiciled abroad. Frett-Smith v. Vanterpool, 511 F.3d 396, 402-03 (3d Cir. 2008). Accordingly, that Plaintiff may also be a citizen of Greece is of no moment here. He is a New Jersey citizen and cannot establish diversity vis-à-vis Defendants who are also New Jersey citizens.

15. **Conclusion.** For the foregoing reasons, the Court lacks subject matter jurisdiction over this matter and must dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1). Dismissal of the Complaint will be without prejudice to Plaintiff's right to file a complaint in a State court of competent jurisdiction. The

remaining motions will be denied as moot.[2] An accompanying Order shall be entered.


**November 19, 2018**          s/ Jerome B. Simandle
                               JEROME B. SIMANDLE
                               U.S. District Judge

---

[2] The remaining motions by Plaintiff are "moot," that is, they do not present a matter that remains to be adjudicated because this Court's finding of lack of jurisdiction also means it lacks the power to decide the other motions in this case.